LEIGHLANCE NASS ET AL. v. PUBLIC SERVICE RAILWAY
COMPANY.

Argued May term, 1925—Decided October 28, 1925.

**Negligence—Trolley Car Collision With Motor Vehicle—Evidence Showed Trolley Car Going at Great Speed and Motor Vehicle Driver Using Precaution—Clearly a Jury Question was Presented.**

On rule to show cause.

Before Justices PARKER, MINTURN and BLACK.

For the rule, *Leonard J. Tynan.*

*Contra, Ward & McGinnis.*

PER CURIAM.

This action was tried in the Passaic Circuit, before the court and a jury, and judgment was rendered for Ernest N. Nass for $750, and for his wife $250. The action grew out of a collision between plaintiff's Ford automobile and defendant's one-man trolley car, at the intersection of Grant and Marshall streets, in Paterson, at about one o'clock A. M., January 14th, 1924.

The automobile was operated at the time of the collision by Ernest Nass, and there were also in the car his wife and two guests, a husband and wife. The husband guest was killed, and the owner and driver of the car, Ernest Nass, and his wife, are the plaintiffs in this action.

The reasons advanced for the rule are that no negligence was shown by defendant, and that contributory negligence was shown in plaintiff. Ernest Nass. There was evidence that plaintiff entered Grand street at a speed of eight miles an hour; that when twenty feet from the nearest track he looked to the left and saw the trolley car approaching about

half a block (one hundred and twenty-five feet) away; that he could not tell at what speed it was approaching; that he looked to the right and saw nothing; that he was then five feet from the track and saw and heard the trolley car, twenty feet away, approaching at a rapid speed; that realizing that he could not safely cross or stop, he turned to the right and was hit by the trolley car in the left front wheel.

A policeman, as well as several passengers in the trolley car, testified that the trolley car did not stop for several blocks; that it was going at great speed; that it did not slow up until after the collision, and that it proceeded one hundred and twenty-five feet beyond the place of collision before coming to a stop.

The motorman testified that he did not see the automobile until after the collision; that after the collision the trolley car rolled one hundred feet before he realized that the air brake was broken; that by putting the car in reverse and applying the hand brake he could have stopped the car in ten feet (at ordinary speed). We think the situation thus described presented a jury question.

The rule will be discharged.